**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mitchell JACKSON, Defendant–**
**Appellant.**

**No. 05–12710**
**Non–Argument Calendar.**
**D.C. Docket No. 92–00367–**
**CR–1–HLM–1.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 2005.

Mitchell Jackson, Sheridan, OR, pro se.

Amy Levin Weil, Katherine B. Monahan, U.S. Attorney's Office, Atlanta, GA, for Plaintiff-Appellee.

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Mitchell Jackson, a federal prisoner serving concurrent 135–month sentences for drug-related crimes, appeals *pro se* district court's ruling denying his petition

for a writ of *audita querela* through which he sought to be resentenced in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On appeal, Jackson concedes that he cannot raise a *Booker* claim through a 28 U.S.C. § 2255 proceeding, but argues that the inadequacy of § 2255 allows him to use the writ of *audita querela* to obtain postconviction relief.

*Audita querela* was an ancient writ used to attack the enforcement of a judgment after it was rendered. *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir.2005) (per curiam). "We review *de novo* the question of whether a prisoner may challenge his sentence by filing a motion for a writ of *audita querela.*" *Id.*

"[F]ederal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." *Id.* at 1175 (internal quotation omitted). The writ of *audita querela*, however, may not be granted when relief is cognizable under § 2255.[1] *Id.* Because Jackson is collaterally attacking his sentence as unconstitutional, the appropriate avenue of relief is § 2255. *See id.*

Federal courts must look beyond the labels of motions filed by *pro se* inmates to interpret them under whatever statute would provide relief. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir.1990). Here, Jackson specifically requested that his motion not be recharacterized as a § 2255 motion. However, Jackson would be unable to obtain *Booker* relief even through a § 2255 motion, as *Booker* is not retroactively applicable to § 2255 cases on collateral review. *Varela v. United States*,

400 F.3d 864, 868 (11th Cir.2005) (per curiam), *cert. denied by* —— S.Ct. ——, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005). Therefore, the district court correctly denied Jackson's motion. Accordingly, we affirm.

AFFIRMED.

---

1. 28 U.S.C. § 2255 provides, in relevant part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that ... the sentence was in excess of the maximum authorized by law ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.